# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARY DIMICK,

    Petitioner,

vs.

SHERIFF DOUGLAS GILLESPIE, et al.,

    Respondents.

Case No. 2:13-cv-00562-PMP-PAL

**ORDER**

    Petitioner has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1).  The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner needs to show cause why the court should not dismiss the action for lack of jurisdiction.

    Petitioner was charged with driving under the influence.  Ex. 1, Ex. 2.[1]  After a bench trial in the Las Vegas Municipal Court on August 3, 2011, the judge found her guilty.  Ex. 3, at 123-26.  The judge sentenced petitioner to a fine, a school for driving under the influence, a victim-impact panel, and two days in jail with credit for time served.  Id. at 127.  Petitioner appealed to the Eighth Judicial District Court, which affirmed.  Petition, at 2 (#1).  That court has final appellate jurisdiction.  Nev. Const. Art. 6, § 6(1).  Petitioner filed a petition for a writ of mandamus with the Nevada Supreme Court, asking that court to order the district court decide one of petitioner's claims.  The Nevada Supreme Court denied the petition.  Petition, at 2 (#1).

---

[1] Exhibits are attached to the petition (#1).

For a person convicted in state court, federal habeas corpus relief is available only to a person who is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The requirement of custody is jurisdictional; the court has no jurisdiction over a petition filed when the petitioner is not in custody. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (per curiam).

It appears from the petition and the exhibits that petitioner was not in custody when she filed the petition (#1). Petitioner effectively served her jail sentence before her trial. Assuming for the moment that the fine and the requirement that petitioner take some courses are still outstanding, they are collateral consequences of the conviction and do not satisfy the custody requirement. <u>See</u> <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1183 (9th Cir. 1998). Without custody, the court lacks jurisdiction to consider the petition (#1). Petitioner will need to show cause why the court should not dismiss the action.

IT IS THEREFORE ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss the action for lack of jurisdiction. Failure to comply with the court's order will result in the dismissal of this action.

DATED: May 15, 2013.

*[signature]*

PHILIP M. PRO
United States District Judge