UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARY DIMICK,

    Petitioner,

vs.

DOUGLAS GILLESPIE, *et al.*,

    Respondents.

2:13-cv-00562-RFB-PAL

**ORDER**

Introduction

This action is a petition for writ of habeas corpus, brought, pursuant to 28 U.S.C. § 2254, by Mary Dimick, who in 2011 was convicted in a Las Vegas Municipal Court of misdemeanor driving under the influence of a controlled substance. Dimick has not exhausted any of her claims in state court. Therefore, the court dismisses this action without prejudice, and denies Dimick a certificate of appealability.

Procedural History and Factual Background

Dimick was convicted on August 3, 2011, in a Las Vegas Municipal Court of driving under the influence of a controlled substance, and she was sentenced to a fine of $597, "DUI school," and "Victim's Impact Panel." *See* Transcript of Trial, August 3, 2011, Exhibit 2, pp. 123-27 (Unless otherwise noted, the exhibits referenced in this order were filed by respondents and are found in the record at ECF No. 5.).

1  Dimick appealed to Nevada's Eighth Judicial District Court. *See* Appellant's Opening Brief, Exhibit 3; Respondent's Response Brief, Exhibit 4; Appellant's Reply Brief, Exhibit 5. The state district court entertained oral argument on July 12, 2012. *See* Reporter's Transcript of Argument/Decision, July 12, 2012, Exhibit 6. The state district court affirmed. *See id*. at 23. The court issued a written order on July 13, 2012. *See* Order Denying Appeal, Exhibit 7.

Dimick then filed in the state district court two motions requesting that the state district court rehear the case. *See* "Motion for the Court to Address and Decide Mary Dimick's Constitutional Issue," Exhibit 8; Motion for Rehearing, Exhibit 10. On August 27, 2012, the court denied those motions. *See* Register of Actions, Case No. C-11-275398-A, Exhibit 13. On October 15, 2012, the court issued a written order. *See* Order Dismissing Motion for Rehearing, Exhibit 14.

Dimick then filed a petition for writ of mandamus in the Nevada Supreme Court, regarding the state district court's handling of the motion for rehearing. *See* Petition for Writ of Mandamus, Exhibit 15. On February 13, 2013, the Nevada Supreme Court denied the petition for writ of mandamus, ruling that the motion for rehearing was untimely filed. *See* Order Denying Petition, Exhibit 16. Dimick filed a petition for rehearing in the Nevada Supreme Court. *See* "Ms. Dimick's Motion for Rehearing Pursuant to NRAP Rule 40," Exhibit 17. The Nevada Supreme Court denied rehearing on March 28, 2013. *See* Order Denying Rehearing, Exhibit 18.

Dimick filed her federal petition for writ of habeas corpus, initiating this action, on April 2, 2013. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Dimick's petition includes two grounds for relief.

On July 20, 2012, the court screened Dimick's habeas petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and, noting that it appeared that Dimick might not have been in custody when she filed the petition, ordered Dimick to show cause why the court should not dismiss the action for lack of jurisdiction. *See* Order entered May 15, 2013 (ECF No. 2). Dimick responded on May 16, 2013 (ECF No. 3). On July 16, 2013, the court found that Dimick had adequately responded to the order to show cause, ordered her petition served on respondents,

///

and ordered respondents to answer or otherwise respond. *See* Order entered July 16, 2013 (ECF No. 4). Respondents then filed an answer (ECF No. 5), and Dimick filed a reply (ECF No. 6).

<u>Dimick Has Failed to Exhaust State-Court Remedies</u>

Respondents argue in their answer that Dimick has failed to exhaust in state court either of the claims she asserts in her federal habeas petition. *See* Answer (ECF No. 5), pp. 13-14.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). To exhaust a claim in state court, the state's highest court must be given an opportunity to rule on the claim even if review in that court is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (federal habeas petitioner did not satisfy exhaustion requirement when he did not invoke "one complete round" of Illinois' appellate review process by failing to present his claim to the state supreme court for discretionary review); *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir.1995).

In Nevada, a defendant's final appeal from a misdemeanor conviction is to the state district court. *See* Nev. Const. art. 6, § 6; NRS 177.015; *Tripp v. City of Sparks*, 92 Nev. 362, 363, 550 P.2d 419, 419 ("District courts have final appellate jurisdiction in cases arising in municipal courts."). Discretionary review is then available in the Nevada Supreme Court by means of a petition for writ of certiorari. *See* NRS 34.020; *City of Las Vegas v. Carver*, 92 Nev. 198, 198-99, 547 P.2d 688, 688 (1976).

Respondents argue that Dimick has not exhausted her claims in state court because she did not raise them, before the Nevada Supreme Court, in her mandamus petition. *See* Answer, pp. 13-14. The

court agrees that Dimick did not raise in her mandamus petition the claims that she asserts in her federal habeas petition in this case. *See* Petition for Writ of Mandamus, Exhibit 15. Moreover, Dimick did not seek relief of her claims in the Nevada Supreme Court by means of a petition for writ of certiorari pursuant to NRS 34.020. Consequently, Dimick has not exhausted either of her claims in state court.

The Ninth Circuit Court of Appeals has held that a stay is not available as to a wholly unexhausted habeas petition. *See Raspberry v. Garcia*, 448 F.3d 1150 (9th Cir.2006); *see also Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

When presented with a wholly unexhausted federal habeas corpus petition, a federal district court must dismiss the petition pending the exhaustion of state-court remedies. *See Raspberry*, 448 F.3d at 1154 (completely unexhausted petition must be dismissed without prejudice). The court will, therefore, dismiss this action without prejudice on account of Dimick's failure to exhaust state-court remedies. The court does not reach the merits of Dimick's claims.

Certificate of Appealability

The standard for issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000).

Applying this standard, the court finds that a certificate of appealability is not warranted in this case.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

**DATED** this 30th day of June, 2015.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**