**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARY DIMICK,

    Petitioner,

vs.

SHERIFF JOSEPH LOMBARDO, *et al.*,

    Respondents.

_____/

2:13-cv-00562-RFB-PAL

**ORDER**

    The court dismissed this habeas corpus action without prejudice on June 30, 2015. The court ruled that the petitioner, Mary Dimick, who in 2011 was convicted in a Las Vegas municipal court of misdemeanor driving under the influence of a controlled substance, and who claims federal constitutional violations with respect to her conviction, did not exhaust her claims in state court. *See* Order entered June 30, 2015 (ECF No. 8). The court denied Dimick a certificate of appealability. *See id*. Judgment was entered (ECF No. 9).

    On July 17, 2015, Dimick filed a motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 10), and, on July 20, 2015, she filed an amended version of that motion (ECF No. 11). On September 3, 2015, Dimick filed a "Request for Order Granting Motion for Reconsideration" (ECF No. 12). On September 15, 2015, respondents filed an opposition to Dimick's September 3 motion (ECF No. 13). On September 24, 2015, Dimick filed a reply (ECF No. 14).

In the June 30, 2015, order, the court held that Dimick's claims were not exhausted in state court because she did not seek discretionary review of those claims in the Nevada Supreme Court by means of a petition for writ of certiorari. *See* Order entered June 30, 2015 (ECF No. 8), p. 3-4.

On October 6, 2015, the Ninth Circuit Court of Appeals decided *McMonagle v. Meyer*, ___ F.3d ___, 2015 WL 5806186 (9th Cir., Case No. 12-15360, October 6, 2015). It appears that decision may have significant bearing on the exhaustion issue in this case. The court will grant the parties an opportunity to file supplemental briefs regarding the impact of *McMonagle* on the pending amended motion to alter or amend judgment.

**IT IS THEREFORE ORDERED** that petitioner shall have 20 days to file a Supplement to Motion to Alter or Amend Judgment, setting forth her position regarding the effect of the *McMonagle* decision on the exhaustion issue in this case. Respondents shall then have 20 days to file a Response to Supplement to Motion to Alter or Amend Judgment, responding to petitioner's supplemental brief. Petitioner shall then have 10 days to reply.

**IT IS FURTHER ORDERED** that, in view of petitioner's filing of an Amended Motion to Alter or Amend Judgment (ECF No. 11), petitioner's original Motion to Alter or Amend Judgment (ECF No. 10) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall substitute Sheriff Joseph Lombardo for Douglas Gillespie, on the docket, as the respondent sheriff, and shall update the caption of the action to reflect these changes.

Dated this 5th day of February, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE