1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9    MARY DIMICK,

10           Petitioner,                                2:13-cv-00562-RFB-PAL

11    vs.                                                      **ORDER**

12    SHERIFF JOSEPH LOMBARDO,
      *et al.*,

13           Respondents.

14    _____/

15

16           The Court dismissed this habeas corpus action without prejudice on June 30, 2015, ruling that

17    the petitioner, Mary Dimick, who in 2011 was convicted in a Las Vegas municipal court of misdemeanor

18    driving under the influence of a controlled substance, and who claims federal constitutional violations

19    with respect to her conviction, did not exhaust her claims in state court. *See* Order entered June 30, 2015

20    (ECF No. 8).

21           On July 17, 2015, Dimick filed a motion to alter or amend judgment, pursuant to Federal Rule

22    of Civil Procedure 59(e) (ECF No. 10), and, on July 20, 2015, she filed an amended version of that

23    motion (ECF No. 11).  On September 3, 2015, Dimick filed a "Request for Order Granting Motion for

24    Reconsideration" (ECF No. 12).  On September 15, 2015, respondents filed an opposition to Dimick's

25    September 3 motion (ECF No. 13).  On September 24, 2015, Dimick filed a reply (ECF No. 14).

26    . . .

1    On October 6, 2015, the Ninth Circuit Court of Appeals decided *McMonagle v. Meyer*, 802 F.3d

2   1093 (9th Cir. 2015) (en banc), which has a significant bearing on the exhaustion issue in this case.

3   Therefore, on February 5, 2016, the court, *sua sponte*, set a schedule for the parties to supplement their

4   briefing of the motion to alter or amend judgment, to address the impact of the *McMonagle* decision on

5   the exhaustion issues in this case.  *See* Order entered February 5, 2016 (ECF No. 15).  Pursuant to the

6   Court's order, Dimick filed a supplemental brief on February 23, 2016 (ECF No. 16), respondents filed

7   a supplemental brief in response on March 7, 2016 (ECF No. 17), and Dimick filed a supplemental reply

8   on March 17, 2016 (ECF No. 18).

9    Taking into account all the briefing submitted by the parties, and in light of the Court of Appeals'

10   ruling in *McMonagle*, the Court will grant Dimick's motion to alter or amend judgment, and will vacate

11   the judgment entered on June 30, 2015.

12    In the June 30, 2015, order, the Court held that Dimick's claims were not exhausted in state

13   court.  *See* Order entered June 30, 2015, p. 3-4.  The Court noted that after Dimick was convicted in

14   municipal court of driving under the influence of a controlled substance, she appealed, unsuccessfully,

15   to the state district court, and then, after the state district court denied rehearing, Dimick filed a petition

16   for writ of mandamus in the Nevada Supreme Court, raising issues regarding the district court's handling

17   of her motion for rehearing, but not asserting the claims of federal constitutional violations that she

18   asserts in her federal habeas petition in this case.  *See id*. at 1-4.  Relying on *O'Sullivan v. Boerckel*, 526

19   U.S. 838 (1999), and *Larche v. Simons*, 53 F.3d 1068 (9th Cir. 1995), the Court ruled that Dimick did

20   not exhaust her claims in state court because she did not seek discretionary review of her claims in the

21   Nevada Supreme Court by means of a petition for writ of certiorari under NRS 34.020.  *See id*. at 3-4.

22    In *McMonagle*, the primary issue was the petitioner's compliance with the AEDPA statute of

23   limitations for his federal habeas action; in ruling on that issue, the Court of Appeals considered the

24   interaction between the statute of limitations and the exhaustion requirement in the context of appeals

25   of misdemeanor convictions in California, and the court overruled *Larche*, explaining its ruling in that

26   regard as follows:

2

In *Larche*, we held that California misdemeanants must seek habeas relief from the California Supreme Court in order to fully exhaust their claims. *Larche*, 53 F.3d at 1071. Larche, like McMonagle, was convicted of two misdemeanors by a California jury. *Id.* at 1069. His petition for federal habeas relief was dismissed by the district court due to his failure to exhaust state court remedies. *Id.* Relying on prior decisions that required petitioners to pursue direct appeals all the way to a state's supreme court, even when such appeals were discretionary, we held that "the California Supreme Court had to be given at least one opportunity to review [an] appellant's claims" before we could consider federal habeas relief. *Id.* at 1071. Otherwise, "we would deprive the California Supreme Court of any opportunity to rectify constitutional wrongs committed by its lower courts in misdemeanor cases." *Id.* McMonagle correctly reads *Larche* as having required him to file a state habeas petition in order to exhaust his state court remedies under 28 U.S.C. § 2254(b)(1)(A).

* * *

Although *Larche* did not discuss finality, it created undue confusion for misdemeanant habeas petitioners like McMonagle, particularly in the wake of AEDPA's enactment, because some of *Larche*'s language conflated collateral and direct review of misdemeanors. For example, *Larche*, wrongly equated the opportunity for habeas review of misdemeanors in the California Supreme Court with the requirement that felony direct appeals be appealed all the way to that same court. *See* 53 F.3d at 1071 (citing *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988), *and Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986), *abrogated on other grounds by Duncan v. Henry*, 513 U.S. 364 (1995). This suggested that misdemeanor habeas petitions like McMonagle's were properly construed not as collateral review proceedings but as a de facto part of the direct review process. This is not how California courts treat such petitions. *See Marks v. Superior Court*, 38 P.3d 512, 521 (Cal. 2002) (emphasizing that "collateral review by habeas corpus is not a reiteration of or substitute for an appeal").

Moreover, *Larche*'s requirement that misdemeanants seek review of their claims in the California Supreme Court before seeking federal habeas relief unduly restricted California's ability to dictate its own systems of appellate review. The exhaustion doctrine "turns on an inquiry into what procedures are 'available' under state law," and "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999). Although review by a state's highest court may still be "available" for exhaustion purposes even when it is discouraged or subject to discretionary acceptance, *see, e.g., id.* at 845; *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), the key question is whether the type of review forms part of the state's "ordinary appellate review procedure." *O'Sullivan*, 526 U.S. at 847. And for challenges to misdemeanor convictions not heard on the merits by the Court of Appeal, review by the California Supreme Court falls decidedly outside of the state's ordinary appellate review. *See* Cal. R. Ct. 8.1018(a); Cal. R. Ct. 8.500(a)(1); *see also O'Sullivan*, 526 U.S. at 844 (stating that "state prisoners do not have to invoke extraordinary remedies when those remedies are alternatives to the standard review process"). California misdemeanants therefore should not be required to file a habeas petition before the state Supreme Court in order to exhaust state court remedies for claims already considered and rejected on direct review. Because *Larche* holds otherwise, we now overrule it.

Having overruled *Larche*, going forward exhaustion and finality for misdemeanors will largely coincide at the California Court of Appeal.

1    *McMonagle*, 802 F.3d at 1098-99.

2            In Nevada, a misdemeanor conviction is appealable to the state district court.  *See* Nev. Const.

3    Art. 6, § 6.   Pursuant to the Nevada Constitution, the state district courts' have "final appellate

4    jurisdiction" in such cases.  *See id*.  This Court concludes that, under Article 6, section 6, of the Nevada

5    Constitution, the appeal of a misdemeanor conviction to the state district court comprises the "ordinary

6    appellate review procedure," within the meaning of the Supreme Court's ruling in *O'Sullivan*, and the

7    Court of Appeals' ruling in *McMonagle*.  *See Sullivan*, 526 U.S. at 844-47 (also using the terms

8    "standard," "established," "normal," and "simple," to refer to the appellate procedure that must be

9    pursued to exhaust state court remedies); *McMonagle*, 802 F.3d at 1099.  It is that appeal to the state

10   district court, with its "final appellate jurisdiction" under Nevada law (*see* Nev. Const. Art. 6, § 6), and

11   no more, that a petitioner must pursue in order to exhaust state remedies for purposes of a subsequent

12   federal habeas petition.

13           As the Court recognized in its June 30, 2015, order, one convicted of a misdemeanor in Nevada

14   may seek discretionary review in the Nevada Supreme Court by means of a petition for writ of certiorari.

15   *See* NRS 34.020; *City of Las Vegas v. Carver*, 92 Nev. 198, 198-99, 547 P.2d 688, 688 (1976).

16   However, in light of *McMonagle*, the Court determines that the petition for certiorari to the Nevada

17   Supreme Court is an extraordinary remedy in a misdemeanor case, and a federal habeas petitioner need

18   not have pursued that remedy in order to have exhausted her claims in state court.  *See O'Sullivan*, 526

19   U.S. at 844 ("state prisoners do not have to invoke extraordinary remedies when those remedies are

20   alternatives to the standard review process"); *McMonagle*, 802 F.3d at 1099; *see also Zamarripa v. First

21   Judicial District Court*, 103 Nev. 638, 640, 747 P.2d 1386, 1387 (1987) ("A writ of certiorari is an

22   extraordinary remedy and the decision to entertain a petition for a writ of certiorari lies within the

23   discretion of this court.").

24   . . .

25   . . .

26   . . .

4

1    The Court's conclusion in this regard is consistent with the concern of the Court of Appeals in

2    *McMonagle* that exhaustion and finality should coincide; for those convicted of misdemeanors in

3    Nevada, exhaustion and finality both occur with the completion of the appeal to the state district court.

4    *See McMonagle*, 802 F.3d at 1099.

5    Moreover, the Court's conclusion appears to be consistent with the wishes of the State of Nevada

6    with regard to its system of appellate review in misdemeanor cases. *See O'Sullivan*, 526 U.S. at 849-50

7    ("I understand that we leave open the possibility that a state prisoner is likewise free to skip a procedure

8    even when a state court has occasionally employed it to provide relief, so long as the State has identified

9    the procedure as outside the standard review process and has plainly said that it need not be sought for

10   the purpose of exhaustion.") (Souter, J., concurring).  Most importantly in this regard, the Nevada

11   constitution states explicitly that the state district courts have "final appellate jurisdiction" in such cases.

12   *See* Nev. Const. Art. 6, § 6.  Furthermore, Nevada courts have stated that the petition for certiorari to

13   the Nevada Supreme Court is an extraordinary remedy.  *See, e.g.*, *Zamarripa*, 103 Nev. at 640.  And,

14   in the somewhat analogous context of appeals to the Nevada Court of Appeals, Nevada Rule of

15   Appellate Procedure 40B(b) provides:

16              In all appeals from criminal convictions or post-conviction relief matters, a party
             shall not be required to petition for review of an adverse decision of the Court of Appeals
17           in order to be deemed to have exhausted all available state remedies respecting a claim
             of error.  Rather, when a claim has been presented to the Court of Appeals and relief has
18           been denied, the party shall be deemed to have exhausted all available state remedies.

19   NRAP 40B(b).  Every indication is that the State of Nevada does not wish for a petition for certiorari

20   to the Nevada Supreme Court to be deemed a necessary part of the process of exhaustion of state

21   remedies, in misdemeanor cases any more than in felony cases appealed to the Nevada Court of Appeals.

22   The Court concludes, therefore, that Dimick exhausted her state court remedies with respect to

23   the claims she asserts in this case, by means of her appeal to the state district court.  The Court will grant

24   Dimick's motion to alter or amend judgment, and will vacate the judgment in this case.

25   The parties have fully briefed the merits of Dimick's claims.  *See* Respondent's Answer and Brief

26   in Opposition to Petition for Writ of Habeas Corpus (ECF No. 5); Petitioner's Reply to Respondent's

1    Answer and Brief in Opposition to Petition for Writ of Habeas Corpus (ECF No. 6).  The Court will

2    address the merits of Dimick's claims as its caseload allows.

3        **IT IS THEREFORE ORDERED** that petitioner's Amended Motion to Alter or Amend

4    Judgment (ECF No. 11) is **GRANTED**.

5        **IT IS FURTHER ORDERED** that petitioner's Request for Order Granting Motion for

6    Reconsideration (ECF No. 12) is **DENIED** as moot.

7        **IT IS FURTHER ORDERED** that the judgment entered June 30, 2015 (ECF No. 9) is

8    **VACATED**.

9

10        Dated this 30th day of March, 2016.

11

12        _____

13        RICHARD F. BOULWARE, II
           UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26